UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON

KEVIN NORRIS GUYTON,              )
                                  )
     Petitioner,                  )    Civil No. 5:18-584-JMH
                                  )
v.                                )
                                  )
FRANCISCO J. QUINTANA, Warden,    )    **MEMORANDUM OPINION**
                                  )    **AND ORDER**
     Respondent.                  )

                       *** *** *** ***

Federal inmate Kevin Norris Guyton has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Guyton contends that in light of the Sixth Circuit's recent decision in *Raines v. United States*, 898 F. 3d 680 (6th Cir. 2018), his 2006 federal sentence was improperly enhanced based upon a prior Florida conviction for extortion. [R. 1] This matter is before the Court to screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

---

[1] On initial review a petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates the petition under a more lenient standard because Guyton is not represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) ("... allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In March 2006, a federal jury in Florida found Guyton guilty of trafficking in cocaine in violation of 21 U.S.C. § 841(a). Over Guyton's objection, the trial court concluded that his prior Florida conviction for second-degree extortion constituted a "crime of violence" under the Sentencing Guidelines. Because Guyton had at least one other predicate offense,[2] he qualified as a career offender under U.S.S.G. § 4B1.1(a). In July 2006 the trial court imposed a 262-month sentence at the bottom of the guidelines range. *United States v. Guyton*, No. 9: 05-CR-80135-DTKH-2 (S.D. Fla. 2005) [R. 3, 24, 73, 87, 94-99, 111 therein]. The Eleventh Circuit affirmed Guyton's conviction and sentence on direct appeal.

In July 2008 Guyton filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Guyton contended, among other things, that his counsel was ineffective because he did not argue that extortion under Florida law was not a "crime of violence" for purposes of the Sentencing Guidelines. The trial court rejected that argument, noting that "the offense of 'extortion' is one of the specifically enumerated 'crimes of violence' under U.S.S.G. §§4B1.1, 4B1.2(a)(2)." The Eleventh Circuit agreed and affirmed on appeal. *Guyton v. United States*,

---

[2] Guyton also had two additional prior convictions for extortion and two prior convictions for robbery. Because Guyton thus had 14 criminal history points, the Presentence Report indicated that his Criminal History Category was VI – the highest level - even without application of the career offender enhancement.

2

No. 9:08-CV-80816-DTKH (S.D. Fla. 2008), *aff'd*, 447 F. App'x 136 (11th Cir. 2011). Guyton has filed four additional motions under § 2255 and four habeas corpus petitions under 28 U.S.C. § 2241, without success.

In his present § 2241 petition, Guyton asserts that his prior Florida conviction for extortion is not a "crime of violence" in light of the Sixth Circuit's decision in *Raines*. [R. 5] In that decision, the Sixth Circuit held that a conviction for collecting credit by extortionate means in violation of 18 U.S.C. § 894(a)(1) is not a "violent felony" under the Armed Career Criminal Act because it does not necessarily entail the "use of force" required by 18 U.S.C. § 924(e)(2)(B)(i) and because the statute proscribes a broader range of conduct than the "generic" offense of extortion specifically enumerated in § 924(e)(2)(B)(2). *Raines*, 898 F. 3d at 688-89.

However, this Court must deny Guyton's petition because his claim under *Raines* is not cognizable in a habeas corpus petition filed under § 2241. Resort to a § 2241 petition as a vehicle to challenge the enhancement of a federal sentence is only permissible where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the

3

claim in an initial or successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that as a matter of statutory interpretation a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Guyton's claim under *Raines* fails to satisfy at least the first and third criteria. Guyton was sentenced in July 2006, after *Booker* rendered the Sentencing Guidelines no longer mandatory. Guyton was thus sentenced at the very bottom of an advisory guidelines range of 262 to 327 months. In addition, Guyton's claim is not based upon a retroactively applicable decision of the United States Supreme Court as required to invoke § 2241. *Charles v. Chandler*, 180 F. 3d 753, 755 (6th Cir. 1999) (*per curiam*); *Wooten v. Cauley*, 677 F. 3d 303, 308-09 (6th Cir. 2012); *Williams v. Warden, Federal Bureau of Prisons*, 713 F. 3d 1332, 1342-44 (11th Cir. 2013). Nor does the decision in *Raines* provide a basis for relief because its discussion is limited to a prior offense committed under a distinct federal statute, 18 U.S.C. § 894(a)(1), not the Florida statute under which Guyton was convicted, Fla. Stat. 836.05.

Even if Guyton could pursue his claim in a § 2241 petition, it is substantively without merit. As this Court explained in

4

addressing a § 2241 petition Guyton filed in 2013, *Guyton v. Quintana*, No. 5: 13-CV-322-KKC (E.D. Ky. 2013), the Florida extortion statute qualifies as an enumerated offense under the Sentencing Guidelines' career offender provision. A prior offense will qualify as a valid predicate if the statute of conviction defines the offense in a manner commensurate with the "generic" version of the offense, meaning as "now used in the criminal codes of most States." *Taylor v. United States*, 495 U.S. 575, 598-99 (1990).

In *Taylor*, the Supreme Court derived its "generic" definition of burglary by drawing upon the definition provided by the Model Penal Code. *Taylor*, 495 U.S. at 598 n.8. The offense of "theft by extortion" under the Model Penal Code[3]

---

[3] A person commits theft by extortion under the Model Penal Code if "he purposely obtains property of another by threatening to:

(1) inflict bodily injury on anyone or commit any other criminal offense; or

(2) accuse anyone of a criminal offense; or

(3) expose any secret tending to subject any person to hatred, contempt or ridicule, or to impair his credit or business repute; or

(4) take or withhold action as an official, or cause an official to take or withhold action; or

(5) bring about or continue a strike, boycott or other collective unofficial action, if the property is not demanded or received for the benefit of the group in whose interest the actor purports to act; or

(6) testify or provide information or withhold testimony or information with respect to another's legal claim or defense; or

compares appropriately to Florida's statutory offense of extortion[4] and hence qualifies as an enumerated offense under U.S.S.G. § 4B1.2(a)(2). Both provisions refer to threats to commit bodily injury, making criminal accusations, and exposing sensitive nonpublic information. Indeed, in several regards the offence conduct described in the Model Penal Code is broader, including several types of conduct not expressly proscribed by the Florida statute.

As the Supreme Court indicated in *Taylor*, if the defendant is convicted of an enumerated offense in a state utilizing a generic definition of the offense but with only minor variations in terminology, the court "need find only that the state statute corresponds in substance to the generic meaning" of the enumerated offense. *Taylor*, 495 U.S. at 598. In addressing a

---

(7) inflict any other harm which would not benefit the actor.

Model Penal Code §223.4 (1985).

[4] The Florida statute provides that:

> Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree.

Fla. Stat. 836.05.

6

prior collateral attack by Guyton the Eleventh Circuit noted that his Florida extortion conviction appeared to qualify as a valid predicate offense:

> [T]he Florida extortion statute, which makes it a crime to "maliciously threaten[]" another person with both physical and nonphysical harm, may well fall within the generic definition the Supreme Court has given to extortion in other contexts - "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats."

*Guyton*, 447 F. App'x at 140 (*citing Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003)). The Court agrees: the Florida statute defines extortion in a manner that "substantially corresponds" to the generic version of the offense for purposes of § 4B1.2(a)(2).[5] Guyton's claim for habeas relief from his sentence is therefore also substantively without merit.

Accordingly, **IT IS ORDERED** as follows:

1. Guyton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

---

[5] While the residual clause found in 18 U.S.C. § 924(e)(2)(B) was held to be unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause in § 4B1.2(a)(2) does not suffer the same constitutional defect. *Beckles v. United States*, 137 S. Ct. 886 (2017). Therefore, Guyton's extortion conviction may also qualify as a "crime of violence" under the residual clause found in § 4B1.2(a)(2).

7

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 27th day of November, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge